**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Eli Jacobs*
*Assistant United States Attorney*

*970 Broad Street, 7th Floor*
*Newark, New Jersey 07102*

*973-645-3976*

August 28, 2026

**REDACTED BRIEF –**
**TO BE FILED PUBLICLY**

The Honorable
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *United States v.* [redacted]
Crim. No. 26- CR-429

Dear Judge Kirsch:

The defendant in the above-captioned case (hereinafter referred to by the fictitious name "John Doe" or "Doe") is expected to appear before this Court for an initial appearance and to enter a guilty plea to a one-count Information charging him with wire fraud in connection with a scheme [redacted], in violation of 18 U.S.C. § 1343. [redacted]

Please accept this letter in lieu of a more formal brief in support of the Government's motion seeking an order that captions this matter *United States v. John Doe* until further order of the Court and seals portions of the corresponding docket, including the materials accompanying this motion.

For the reasons set forth below, the Government respectfully submits that the Court should grant the motion.[1]

[1] The Government has conferred with Doe's counsel regarding this motion, and they have authorized the Government to represent that they concur with all aspects of the motion.

## FACTS

[redacted]

[redacted]

[redacted]

[redacted]

## LEGAL STANDARD

The Supreme Court has recognized that the press and public have a qualified right of access to various proceedings in criminal cases. *See Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980) (finding that lower court's restriction on public access was improper because it failed to: (a) recognize First Amendment right of public and press to attend criminal trials; (b) make proper findings supporting closure of courtroom; and (c) consider alternatives to closure); *Press-Enterprise v.*

*Superior Court of California*, 464 U.S. 501 (1984) (addressing partial closure of voir dire proceeding in criminal case, and finding that lower court was required to make findings concerning overriding interest supporting closure and consideration of alternatives prior to closing courtroom). Because the right of access is not unconditional, certain situations, such as those present in the instant matter, may present facts that support anonymizing and sealing portions of the docket. However, the party seeking to seal any part of a judicial record bears the heavy burden of showing "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

Here, the Government is not asking the Court to close the proceedings, as the Government does not believe that any investigative subjects or targets are aware of the federal charges filed against Doe. However, the Third Circuit has held that the qualified right of access to judicial proceedings "applies with equal force to the issue of access to judicial documents." *United States v. Kushner*, 349 F. Supp. 2d 892, 897–901 (D.N.J. 2005) (citing *United States v. Smith*, 776 F.2d 1104, 1111–12 (3d Cir. 1985)); *see also United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018) ("the First Amendment right of access applies to plea hearings and, by extension, to documents relating to these hearings. The right of access, though, is presumptive and not absolute, and it can be overcome where there is 'cause shown that outweighs the value of openness.'" (citations omitted) (quoting *United States v. Smith*, 123 F.3d 140, 147 (3d Cir. 1997))); *Smith*, 776 F.2d at 1110–13.

Before a Court may close the proceedings, or, as requested here, seal the docket and refer to the defendant as "John Doe," it must provide adequate notice to the public. *United States v. Criden*, 675 F.2d 550, 554 (3d Cir. 1982); *United States v. Antar*, 38 F.3d 1348, 1350 (3d Cir. 1994) (finding that court sealed transcripts of jury voir dire prematurely because it did not provide advance notice, conduct a hearing, and make factual findings on the record); *United States v. Raffoul*, 826 F.2d 218, 223–25 (3d Cir. 1987) (extending *Criden* requirements to closure motions made during criminal trials). After giving the public ample time to respond, the Court also must explain, on the record, its reasons "for rejecting alternatives to closure." *Criden*, 675 F.2d at 554; *see also United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995).

Further, the Local Civil Rules of the United States District Court for the District of New Jersey provide this Court with both the authority and procedure to partially seal the corresponding docket.[2] Specifically, Local Civil Rule 5.2(10)(b) provides:

---

[2] Under Local Civil Rule 1.1(a), the local civil rules supplement the Federal Rules of Criminal Procedure as well as the Federal Rules of Civil Procedure, and apply in all proceedings to the extent the local rules are not inconsistent with the federal rules.

> Sealing of Criminal Documents. A document subject to a sealing order or order of confidentiality must be submitted as a Paper Filing, in an envelope clearly marked "sealed," and shall be accompanied by a disk or CD-ROM containing the document in PDF for filing by the Clerk's Office. A motion to file a document under seal may be filed electronically, unless prohibited by law. The order of the Court authorizing the filing of documents under seal may be filed electronically, unless prohibited by law. A paper copy of the sealing order must be attached to the documents under seal and be delivered to the Clerk.

Local Civil Rule 5.3 controls protective orders and public access under the Case Management/Electronic Filing System ("ECF"). Specifically, Local Civil Rule 5.3 governs "any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making." The rule also governs any request "by a party or parties to seal, or otherwise restrict public access to, any judicial proceedings."

Local Civil Rule 5.3(c) provides the procedure to be followed concerning a motion to seal or otherwise restrict public access. The rule states in pertinent part that:

> (1) Any request by a party or parties to seal, or otherwise restrict public access to, any materials or judicial proceedings shall be made by formal motion pursuant to L. Civ. R. 7.1. Any such motion shall be filed electronically under the designation "motion to seal materials" or "motion to seal judicial proceedings," and shall be returnable on the next available return date.
>
> (2) Any motion to seal or otherwise restrict public access shall be available for review by the public. The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. Proposed Findings of Fact and Conclusions of Law shall be submitted with the motion papers in the proposed order required by (c)(5) below. If the information required in this section is not within the knowledge of the movant, supplemental motion papers in support of the motion may be filed by a party, individual or entity having such knowledge not later than fourteen (14) days after the filing of the motion.
>
> (3) Any materials deemed confidential by a party or parties and

submitted with regard to a motion to seal or otherwise restrict public access shall be filed electronically under the designation "confidential materials" and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(c). When a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed under seal, and a version with only the confidential portions redacted shall be filed publicly.

(4) Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access.

(5) Any order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(2) above as well as other findings required by law and shall be filed electronically under the designation "order or opinion to seal." Such orders and opinions may be redacted. Unredacted orders and opinions may be filed under seal, either electronically or in other medium.

Additionally, Local Civil Rule 5.3 addresses the permissibility of sealing the docket itself. Under Local Civil Rule 5.3, "[n]o docket shall be sealed. However, entries on a docket may be sealed pursuant to the provisions of this rule." Hence, the Court can seal any and all entries but cannot seal the docket itself.

**THE INSTANT MOTION**

The United States, through the instant motion, respectfully requests an order partially sealing the docket. In support of this motion, the United States provides the following facts, as well as those outlined above and in the attached proposed Information:

1. As set forth above and in the proposed Information, the charge against Doe arises from an investigation into [redacted].

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

6. These facts demonstrate a substantial need to partially seal the docket, and override the qualified First Amendment right of the public and press to access the proceedings and certain documents.

[redacted] There is no less restrictive alternative to the relief requested herein that will protect the interests at stake. [redacted]

8. The Government is proposing restricting access in a narrowly tailored manner. In this regard, the Government is submitting redacted versions of this brief and the proposed order. In addition, the Government is requesting that the Court seal or redact only documents that, if discovered, would seriously jeopardize the investigation and prosecution of the conspiracy. Moreover, the Government seeks to seal only the documents and transcripts as long as necessary to protect that interest.

The Government respectfully submits that these facts demonstrate, under the legal standards set forth above, a unique situation with compelling government interests that justify the partial sealing of the corresponding docket. The Government further submits that the transcript of the hearing, minute notes from the initial appearance, and other sealed documents should remain sealed until such time as [redacted] the public docketing of the sealed pleadings do not present a substantial risk of compromising the Government's investigation.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court enter an order:

1. directing the Clerk's Office to caption this case "*United States v. John Doe*" until further order of the Court;

2. directing the Clerk's Office to seal the transcript of the anticipated guilty plea hearing, the case assignment request, the filed information, the documents submitted and generated in connection with the plea hearing, the unredacted version of this letter, and the proposed unredacted order, unless otherwise ordered by the Court;

3. directing the Clerk's Office to publicly file, <u>not</u> seal, a redacted version of this brief, the Notice of Motion, and a redacted version of the proposed final order on ECF, all of which are enclosed;

4. setting a return date for the Government's motion to provide the press and public their due process notice; and

5. sealing certain entries in the corresponding docket following the plea hearing or after the return date.

If this request meets with the Court's approval, we respectfully request that Your Honor sign the enclosed "Unredacted Proposed Interim Order," and that that order be publicly docketed.[3] If the Court has any questions regarding this motion or the suggested process described above, we are available to discuss at any time. Thank you for Your Honor's consideration.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

Eli Jacobs
Assistant United States Attorney

cc: Jonathan Kaye, Esq.

[3] This document is a proposed interim order to be publicly filed setting a return date providing the press and public their due process notice. A redacted and unredacted copy of the proposed final order granting the government's motion also is enclosed.